```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
STEVEN LEBETKIN,                         :
                          Plaintiff,     :    18cv8170 (DLC)
          -v-                            :
                                         :    OPINION AND ORDER
AYSE GIRAY a/k/a SARA BARAN, LEWIS       :
SASSOON, ESQ., SASSOON & CYMROT, LLP,    :
and JOHN DOES 1 through 25,              :
                                         :
                          Defendants.    :
                                         :
---------------------------------------- X
```

APPEARANCES

For the plaintiff:
Paul W. Verner
Verner Simon
30 Wall Street, 8th Floor
New York, New York 10005

For the defendants:
Michael H Smith
Rosenberg Feldman Smith, LLP
551 Fifth Ave, 24th Floor
New York, New York 10176

Howard P. Magaliff
Rich Michaelson Magaliff, LLP
335 Madison Avenue, 9th Floor
New York, New York 10017

DENISE COTE, District Judge:

This case was removed to this Court on September 7, 2018 pursuant to 28 U.S.C. §§ 1441(a) and (b). On September 27, plaintiff Steven Lebetkin ("Lebetkin") filed an amended complaint and moved to remand the case to the New York County Supreme Court pursuant to 28 U.S.C. § 1447(c). For the reasons

1

stated below, that motion is denied.

## Background

The original action (18cv2211) in this dispute filed in this Court by Lebetkin was filed on March 12, 2018, against defendants Ayse Giray ("Giray"), Lewis Sassoon, and Sassoon & Cymrot LLP ("the Sassoon Defendants"). The complaint alleged that Lebetkin is a citizen of New York, Giray is a citizen of Florida and the Sassoon Defendants are citizens of Massachusetts. On July 16, the Sassoon Defendants moved to dismiss the complaint. A conference was held on August 10 ("the August 10 Conference"), at which Lebetkin's counsel represented that he intended to file an amended complaint as well as a motion to disqualify counsel for Giray because of an asserted conflict of interest. An amended complaint was filed on August 13, also alleging that Giray is a citizen of Florida and that the Sassoon Defendants are citizens of Massachusetts. An Order filed August 13 set a briefing schedule for any renewed motion to dismiss and for Lebetkin's motion to disqualify defense counsel.

The August 13 Order also directed the parties to submit to the Court a letter explaining the basis for their belief that diversity of citizenship exists, pursuant to this Court's Individual Rules of Practice in Civil Cases. On August 20, Lebetkin's counsel submitted a letter to the Court in which he

2

expressed doubts as to whether Giray is in fact a citizen of Florida rather than a citizen of New York, contradicting the allegations of the amended complaint. On August 27, Lebetkin voluntarily dismissed the action. In a letter to the Court dated August 24, counsel for Lebetkin explained that he intended to re-file the case in New York State Court and to consolidate it with a related case there against the firm Rosenberg, Feldman, Smith LLP, Richard Feldman, Stephen Sassoon, and Michael Smith ("the RFS Defendants") and Adile Batuk ("Batuk"), all citizens of New York.

Lebetkin filed his complaint against Giray and the Sassoon Defendants in the New York County Supreme Court on September 6, 2018. That complaint again alleged that Giray is a citizen of Florida and the Sassoon Defendants are citizens of Massachusetts. The defendants removed the case to this Court the following day based on diversity of citizenship. That case (18cv8170) was accepted as related to Lebetkin's original action in this Court (18cv2211). A memo endorsement of September 12 set a briefing schedule for Lebetkin's motion to disqualify Giray's counsel and any motion to dismiss.

On September 27, Lebetkin filed a First Amended Complaint ("FAC") in this action (18cv8170). The FAC added claims against the non-diverse RFS Defendants and Batuk and alleged that Giray is actually a citizen of New York. The same day, Lebetkin filed

3

this motion to remand the case to the New York Supreme Court. The motion became fully submitted on October 18.

## Discussion

Lebetkin has moved to remand this case because he has added two defendants in his FAC who, like Lebetkin, are citizens of New York, thereby defeating diversity jurisdiction. He has also asserted that Giray, one of the original defendants, is actually a citizen of New York rather than a citizen of Florida as Lebetkin has repeatedly alleged.

When a plaintiff seeks to join additional non-diverse defendants after removal, a court may deny joinder, or permit joinder and remand the action to the State court. 28 U.S.C. § 1447(e). "The decision whether to allow joinder is within the discretion of the trial court." Soto v. Barnitt, 00cv3452 (DLC), 2000 WL 1206603, at *2 (S.D.N.Y. Aug 23, 2000). In exercising that discretion, courts in this circuit consider "whether permitting joinder under § 1447(e) will comport with fundamental fairness.[1] Id. at *3. The following four factors are relevant to the consideration of fundamental fairness: "(1)

---

[1] Courts generally first consider whether joinder is proper under Fed. R. Civ. P. 20. The defendants do not assert, and the Court does not find, that joinder was improper under Rule 20. Lebetkin's claims against Batuk and the RFS Defendants appear to "arise out of the same transaction, occurrence, or series of transactions or occurences," and it appears that "question[s] of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

4

any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." Id.; see also, Grant v. Johnson & Johnson, 17cv3356 (GBD), 2017 WL 6812035, at *2 (S.D.N.Y. Dec. 19, 2017); Durstenberg v. Electrolux Home Products, Inc., 15cv9277 (CM), 2016 WL 750933, at *2 (S.D.N.Y. Feb 23, 2016); Cooper v. Trustees of College of the Holy Cross, 13cv8064 (KPF), 2014 WL 2738545, at *8 (S.D.N.Y. June 17, 2014); Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003); Briarpatch Ltd. V. Pate, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000).

Measured from the filing of the initial action in this Court, there has been substantial delay in amending the complaint to add the non-diverse defendants. The original action was filed on March 12, 2018, more than six months before the FAC in the instant action. Lebetkin was given an opportunity to amend his complaint in the original action, and did so on August 13. At that time, he chose not to include Batuk or the RFS Defendants in his amended complaint. The case was subsequently voluntarily dismissed and re-filed in state court. That complaint also did not name the RFS Defendants or Batuk. Lebetkin's only asserted reasons for failing to join the non-diverse defendants at an earlier stage of litigation have to do with his litigation strategy. He has not asserted that he

5

was in some way precluded from joining the non-diverse defendants, that he was unaware of these defendants, or that some changed circumstances justify his delay in joining them.

Giray and the Sassoon Defendants would be prejudiced by any further delay in addressing the merits of this case. They have for some time been faced with uncertainty as to whether their case would be litigated in state or federal court, which has undoubtedly affected their ability to develop their defense.

There is a likelihood of multiple litigation here, but Lebetkin opted for multiple litigation when he initially chose to file separate actions in state and federal court. Any risk of multiple litigation could have been eliminated by joining all defendants in the initial action filed in New York State Court against Batuk and the RFS Defendants.

Finally, and most importantly, the chronology of this case indicates that Lebetkin's motivation in amending his complaint to add non-diverse parties is simply to defeat diversity jurisdiction in order to litigate in what he perceives to be a more favorable forum. He admits in his memorandum of law in support of his motion to remand that certain "Court opinions and positions" expressed at the August 10 Conference "were taken by Defendants as beneficial and by the Plaintiff as detrimental." Lebetkin first attempted to circumvent diversity jurisdiction by contradicting his own pleadings and claiming that Giray is a

citizen of New York.  He has now filed an FAC adding non-diverse parties in an apparent attempt to destroy complete diversity.  He has offered no plausible explanation for his decision join non-diverse defendants at this late stage when he has had multiple earlier opportunities to do so.  Accordingly, the RFS Defendants and Batuk are severed from this action and the claims against them are dismissed without prejudice.

The remaining defendants satisfy complete diversity.  It is uncontested that Lebetkin is a citizen of New York and the Sassoon Defendants are citizens of Massachusetts.  Only Giray's citizenship is at issue.

It is well established that "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by [her] domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 41 (2d Cir. 2000).  "Domicile is the place where a person has [her] true fixed home and principal establishment, and to which, whenever [s]he is absent, [s]he has the intention of returning.  At any given time, a person has but one domicile." Id.

Lebetkin has alleged that Giray is a citizen of Florida in three of the four complaints he has filed in this matter in state and federal court.  Giray has not contradicted this assertion, and has submitted several affidavits confirming that she is in fact a citizen of Florida.  She declares that she has been a resident and citizen of Florida since 2015.  She has a

Florida driver's license, and has appeared at a courthouse in Florida to swear that she is a Florida resident. She voted in the 2016 presidential election as a Florida resident and has voted in local Florida elections. Her Florida address is on her tax returns. These facts clearly establish that Florida is her "true fixed home and principal establishment." Corio, 232 F.3d at 42. In response to Giray's declaration, Lebetkin's counsel alleges that Giray maintains a New York medical license, has a New York cell phone number, allegedly owns an apartment in New York,[2] and lived in New York for some years before moving to Florida. None of these facts, taken singly or together, shows that New York is Giray's domicile. Complete diversity therefore exists, and subject matter jurisdiction is proper in this Court.

## Conclusion

Lebetkin's September 27, 2018 motion to remand is denied. Richard Feldman, Michael Smith, Stephen Sassoon, Rosenberg Feldman Smith LLP, and Adile Batuk are severed from this action and Lebetkin's claims against them are dismissed without prejudice.

Dated:   New York, New York
         October 26, 2018

                              _____
                                      DENISE COTE
                              United States District Judge

---

[2] Giray asserts that she does not own or rent any home or apartment in New York.