UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ X
                                     :      18cv8170(DLC)
STEVEN LEBETKIN,                     :
                                     :      MEMORANDUM OPINION
                    Plaintiff,       :          AND ORDER
                                     :
          -v-                        :
                                     :
AYSE GIRAY a/k/a SARA BARAN, LEWIS   :
SASSOON, ESQ., SASSOON & CYMROT, LLP,:
and JOHN DOES 1 through 25,          :
                                     :
                    Defendants.      :
                                     :
------------------------------------ X
```

APPEARANCES:

For the plaintiff:
Paul Verner
Verner Simon
30 Wall Street, 8th Floor
New York, New York 10005

For the defendants:
Michael H. Smith
Rosenberg Feldman Smith, LLP
551 Fifth Ave, 24th Floor
New York, New York 10176

DENISE COTE, District Judge:

Plaintiff Steven Lebetkin ("Lebetkin") has moved to disqualify attorneys Richard B. Feldman, Michael H. Smith, and Stephen J. Sassoon, and the firm Rosenberg Feldman Smith, LLP, (collectively, "the RFS Attorneys") as counsel for defendant Ayse Giray ("Giray"). For the reasons that follow, that motion is denied.

The procedural history of this action is set forth more
fully in the Court's Opinion and Order of October 26, which
denied Lebetkin's motion to remand, severed the RFS Attorneys
from the case, and dismissed Lebetkin's claims against them
without prejudice.  In essence, Lebetkin has, at various times
and in various courts, asserted claims against the RFS Attorneys
for tortious interference with the alleged consulting agreement
under which he is suing Giray for breach, among others.

The Second Circuit has explained that "disqualification is
called for only when an attorney's conduct tends to taint the
underlying trial."  United States v. Prevezon Holdings Ltd. 839
F.3d 227, 241 (2d Cir. 2016) (citation omitted).  "Because the
courts must guard against tactical use of motions to disqualify
counsel, they are subject to fairly strict scrutiny."  Lamborn
v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989).  "[E]ven when made
in the best of faith, such motions inevitably cause delay" in
the litigation.  Bd. of Educ. V. Nyquist, 590 F.2d 1241, 1246
(2d Cir. 1979).  "In deciding whether to disqualify an attorney,
a district court must balance a client's right freely to choose
his counsel against the need to maintain the highest standards
of the profession."  GSI Commerce Solutions, Inc. v. BabyCenter,
LLC, 618 F.3d 204, 209 (2d Cir. 2010) (citation omitted).  The
movant "bears the burden of demonstrating specifically how and
as to what issues in the case the prejudice may occur, and that

2

the likelihood of prejudice occurring . . . is substantial." Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009) (citation omitted).

Lebetkin has not met this high bar.  He has alleged that there is a conflict of interest between the RFS Attorneys and Giray because the RFS Attorneys are defendants in a related action.[1]  Lebetkin speculates that the RFS Attorneys and Giray might have conflicting defenses in the related lawsuits.  Such speculation does not survive the strict scrutiny called for when a litigant moves to disqualify counsel for another party.  Even if the facts as alleged did suggest a conflict between Giray and the RFS Attorneys, Giray has waived any such conflict, and she is entitled to her choice of legal counsel.

## Conclusion

Lebetkin's motion to disqualify the RFS Attorneys from representing Giray in this action is denied.

Dated:    New York, New York
          November 20, 2018

_____
            DENISE COTE
     United States District Judge

---

[1] Lebetkin additionally suggests in his submissions in support of his motion that the RFS Attorneys may be called as witnesses, and that there may have been an attorney-client relationship between Lebetkin and the RFS Attorneys that would prevent them from representing an adverse party such as Giray.  In his reply memorandum of law, however, Lebetkin disclaims reliance on these arguments, and in any event, they do not alter the Court's conclusion.