```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
STEVEN LEBETKIN,                       :
                                       :
                          Plaintiff,   :       18cv8170 (DLC)
                                       :
               -v-                     :       MEMORANDUM OPINION
                                       :            AND ORDER
AYSE GIRAY a/k/a SARAH BARAN and JOHN  :
DOES 1 through 25,                     :
                                       :
                          Defendants.  :
                                       :
-------------------------------------- X
```

APPEARANCES

For plaintiff Steven Lebetkin:

Maranda E. Fritz
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017

Stephen R. Field
Law Offices of Stephen R. Field
445 Park Avenue, Suite 902
New York, NY 10022

For defendants Ayse Giray (a/k/a Sara Baran) and John Does 1 through 25:

Michael Smith
Rosenberg Feldman Smith LLP
520 White Plains Road, Suite 500
Tarrytown, NY 10591

Richard B. Feldman
Stephen M. Rosenberg
Rosenberg Feldman Smith LLP
551 Fifth Avenue 24th Floor
New York, NY 10176

DENISE COTE, District Judge:

The defendant Ayse Giray (a/k/a "Sara Baran") ("Giray") seeks an award as the prevailing party of $263,850 in attorney's fees.  For the following reasons, her application is granted.

## Background

On July 16, 2012, plaintiff Steven Lebetkin ("Lebetkin") executed a consulting agreement in which he agreed to assist Giray in connection with a potential lawsuit she might file against a third party.  The agreement included the following provision regarding attorney's fees:  "In any action or proceeding to enforce rights under this Agreement, the prevailing party will be entitled to recover costs and attorneys fees."

On September 6, 2012, Giray sent Lebetkin a written notice that their agreement was terminated.  Giray proceeded with her lawsuit against the third party and settled that lawsuit in 2015.  Through the instant lawsuit, Lebetkin has sought to recover 3% of Giray's settlement proceeds pursuant to his consulting agreement with Giray.

In an Opinion of March 25, 2020, Giray was granted summary judgment on Lebetkin's claims of breach of contract and quantum meruit.  Lebetkin v. Giray, No. 18CV8170 (DLC), 2020 WL 1445752

(S.D.N.Y. Mar. 25, 2020).  Lebetkin's other claims had been dismissed earlier in the litigation.

Giray's application for an award of attorney's fees was filed on June 5.  It became fully submitted on August 27.  In her application, Giray's counsel describes the lengthy history of the litigation Lebetkin has pursued against Giray to obtain sums he alleges he is owed due to the 2012 consulting agreement.  That history is briefly described here.

In March of 2018, Lebetkin sued Giray and certain attorneys associated with her in federal court (18cv2211).  In the course of that litigation, Lebetkin tried to disqualify counsel representing Giray in the federal action.  Lebetkin then dismissed the federal action and refiled his claims in state court.

On September 7, 2018, Giray removed Lebetkin's state court action to federal court.  After that removal, Lebetkin refiled his motion to disqualify Giray's counsel and then filed an amended complaint adding another defendant in a futile effort to destroy diversity jurisdiction.  Lebetkin's subsequent motion to remand was denied on October 26.  Lebetkin v. Giray, No. 18CV8170 (DLC), 2018 WL 5312907 (S.D.N.Y. Oct. 26, 2018).  The motion to disqualify Giray's counsel was denied on November 20. Lebetkin v. Giray, No. 18CV8170(DLC), 2018 WL 6582800 (S.D.N.Y.

Nov. 20, 2018). On December 14, Giray's motion to dismiss three of Lebetkin's claims against her for breach of fiduciary duty, unjust enrichment and prima facie tort was granted. Lebetkin v. Giray, No. 18CV8170 (DLC), 2018 WL 6591252 (S.D.N.Y. Dec. 14, 2018). Giray's counsel spent 144 hours representing her during this pre-discovery phase of the litigation.

During discovery, Lebetkin took five depositions and was deposed by Giray. At the conclusion of discovery, Giray moved for summary judgment. That motion was granted earlier this year. Lebetkin v. Giray, No. 18CV8170 (DLC), 2020 WL 1445752 (S.D.N.Y. Mar. 25, 2020).

Giray had negotiated a fee cap of $500 per hour with her counsel. Three attorneys worked on this matter and each is normally compensated at a higher rate. In total, counsel have sought compensation for slightly less than 530 hours of work. Giray made periodic payments to her counsel during this litigation, including in April, July and December of 2019. Those three payments were for a total of more than $220,000. Giray also seeks reimbursement for costs in the amount of $10,367.92.

## Discussion

In the United States, the default rule regarding attorney's fees is the so-called "American Rule." See Alyeska Pipeline

Servs. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).  Under the American Rule, "it is well established that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor."  United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 74 (2d Cir. 2004) (citation omitted).  The parties "may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law."  McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1313 (2d Cir. 1993).

Since contractual provisions that permit the recovery of attorney's fees run contrary to the American Rule, a court "should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise."  Ambac Assurance Corp. v. Countrywide Home Loans, Inc., 31 N.Y.3d 569, 584 (2018) (citation omitted).

In determining an award of attorney's fees, a court should "calculate a 'presumptively reasonable fee' by determining the appropriate billable hours expended and 'setting a reasonable hourly rate, taking account of all case-specific variables.'"  Lilly v. City of New York, 934 F.3d 222, 229-30 (2d Cir. 2019) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v.

5

Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 189-90 (2d Cir. 2008)). The reasonable hourly rate is "the rate a paying client would be willing to pay." Arbor Hill, 522 F.3d at 190.

The standard for whether the number of hours that the attorney billed is reasonable is also "whether a paying client would be willing to pay the fee." Lilly, 934 F.3d at 234. In addition, "attorneys are required to keep and submit contemporaneous records with their fee applications, absent unusual circumstances outside the attorney's control." Restivo v. Hessemann, 846 F.3d 547, 591 (2d Cir. 2017).

"The Supreme Court has emphasized that 'the determination of fees should not result in a second major litigation." Id. (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)). Rather, "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Id. (quoting Fox, 563 U.S. at 838).

Giray is entitled to an award of attorney's fees and costs in the full amount she seeks. She is the prevailing party, having won a judgment in her favor and dismissal of all claims against her. The contract between Lebetkin and Giray

unambiguously entitled the prevailing party to their attorney's fees in connection with litigation brought to enforce rights under the contract.

An hourly rate of $500 for each of the three attorneys who represented Giray is entirely reasonable.  Giray's attorneys kept contemporaneous records reflecting the time spent on their work for her in this litigation.  The Court has supervised this litigation from its inception in federal court and is familiar with the nature and complexity of the work required to defend against Lebetkin's claims.  The hours spent by Giray's counsel were reasonable.

Lebetkin does not dispute that Giray is a prevailing party and therefore entitled under their agreement to an award of attorney's fees.  He does not suggest that an hourly rate of $500 is unreasonable or challenge the request for costs.

Nor does Lebetkin assert that an award of $263,850 in attorney's fees is unreasonable given the length and complexity of the litigation.  Lebetkin does quarrel to a limited degree, however, with some of the entries in defense counsel's time records.  Giray's reply papers explain how, with a careful reading of Giray's submissions, those entries should be understood.  Those explanations adequately resolve any remaining dispute.  Accordingly, Giray has shown that she is entitled

under the parties' agreement to the requested attorney's fees and costs.

## **Conclusion**

Giray's June 5 application for an award of attorney's fees and costs is granted.  Giray shall submit a proposed Order granting her application and closing this case.

Dated:   New York, New York
         November 10, 2020

_____
DENISE COTE
United States District Judge